FILED'08 JUL 22 17:06USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| HARRY AND DAVID CORPORATION, an Oregon Corporation; and HARRY AND DAVID'S OPERATION, INC., a Delaware Corporation | ) ) ) ) ) | CV 08-235-PA |
| Plaintiffs, | ) ) | **OPINION AND ORDER** |
| v. | ) ) | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, a New York Corporation | ) ) ) ) | |
| Defendant. | ) | |

**PANNER, Judge.**

This dispute arises from allegations presented by Plaintiffs Harry and David Corporation and Harry and David's Operation, Inc. ("Harry & David"), that Defendant International Business Machines, Corp. ("IBM") failed to indemnify Harry & David upon suit from two third parties - Charles Hill and Associates and NCR Corporation - and that IBM breached the contract between Harry &

1 - OPINION and ORDER

David and IBM pursuant to the IBM Customer Agreement. Harry & David also allege that IBM breached the implied warranty against infringement under the New York Uniform Commercial Code, that IBM fraudulently misrepresented that its license was free from infringements, and that IBM fraudulently omitted the fact that the Websphere software IBM licensed Harry & David was subject to a lawsuit regarding infringements at the time of sale.

IBM moves to dismiss Harry & David's Second and Seventh Claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and to dismiss Harry & David's Fifth and Sixth Claims for Relief pursuant to Federal Rule of Civil Procedure 9(b). For the reasons stated below, the Court denies Defendants' motions to dismiss.

## DISCUSSION

### I. Alternative Theories for Relief

IBM contends that the cause of action of common law indemnity is inconsistent with the cause of action for breach of warranty against infringement and the inconsistent pleadings should be dismissed pursuant to Rule 12(b)(6).

Harry & David is entitled to bring alternative claims before the court. IBM itself argues both that the IBM Customer Agreement ("ICA") supersedes any common law implied warranty or duty to indemnify, and then that the ICA does not even apply to the software and services at issue in this litigation.

### II. Common Law Indemnity

IBM claims that common law indemnification implied in law is not available to Harry & David because the complaint does not establish whether Harry & David is completely free from fault.

Although it is true that it is unclear as of yet whether Harry & David are completely faultless, the complaint is thus sufficient to survive the pleadings stage. Therefore, the Court denies IBM's motion to dismiss Harry & David's Seventh Claim.

### III. Fraudulent Misrepresentation and Fraud in the Omission

IBM contends that Harry & David failed to plead facts sufficient to demonstrate IBM's intent to deceive pursuant to Federal Rule of Civil Procedure 9(b).

Harry & David have, however, plead the fraud claims sufficiently to satisfy the particularity requirement in Rule 9(b) by alleging facts specific enough "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged" so that IBM can "defend against the charge and not just deny that they have done anything wrong." Segemen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). This is demonstrated within IBM's briefs, which do much more than just "deny that they have done anything wrong." Id.

IBM further contends in the alternative that the claims of fraud are impermissibly duplicative of Harry & David's claim for breach of contract.

A claim of fraud juxtaposed with a claim of breach of contract, however, "may be maintained where the plaintiff pleads a breach of duty separate from, or in addition to, a breach of

3 - OPINION and ORDER

contract." First Bank of the Americas v. Motor Car Funding, Inc., 690 N.Y.S.2d 17, 21 (N.Y. App. 1999). Harry & David have done just that, claiming that IBM had a duty which preexisted the contract to disclose the software's infringements.

Thus, the Court denies IBM's motion to dismiss Harry & David's Fifth and Sixth Claims.

## CONCLUSION

IBM's motion to dismiss (#8) is denied.

IT IS SO ORDERED.

DATED this 22 day of July, 2008.

*[signature]*
OWEN M. PANNER
UNITED STATES DISTRICT JUDGE